NATIONAL FOREST PRESERVATION GROUP, a Montana non-profit corporation, et al., Plaintiffs,

v.

John VOLPE, Individually and as Secretary of Transportation, and F. C. Turner, Individually and as Federal Highway Administrator, Defendants.

No. 2152.

United States District Court,
D. Montana,
Butte Division.

May 29, 1973.

James H. Goetz, Bozeman, Mont., for plaintiffs.

Otis L. Packwood, U. S. Atty., Billings, Mont., Roy E. Murray, Asst. U. S. Atty., Butte, Mont., and Irwin L. Schroeder, Atty., Dept. of Justice, Washington, D. C., for defendants.

## ORDER

WILLIAM D. MURRAY, Senior District Judge.

The defendant, United States of America, having submitted a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, and briefs having been filed both in support of and in opposition to said motion, and the court having considered said motion and being fully advised, the court finds:

That defendant has shown no meritorious reason why the court's original ruling should be altered or reversed. In its original judgment the court found that the proposed Lone Mountain Access Road had been improperly designated a "primary" route.

 "Primary highways are described in § 103 as 'connected main highways'. 23 C.F.R. 1.6 describes them as 'important city-to-city interstate and intrastate highways, serving essentially through traffic.'" 352 F.Supp. 123 (1972). As of the date of the hearings on this proposed road, no permanent resident lived at its end. The proposed road connects a yet to be completed recreational resort area with potential investors and or customers. The proposed road does not expedite interstate commerce nor does it promote national defense. Admittedly, *if* the road and complex are completed, there will be considerable traffic and commerce. This, however, is not persuasive since it suggests that

the road can create its own reason for being. The justification for the road should exist independently of the road rather than depending entirely upon its construction. Certainly the Federal Highway Administration can engage in long-term planning in anticipation of traffic; however, it is not free to ignore the strictures of 23 U.S.C. § 103 and build highways which have no independent justification.

■■ Defendant urges in its brief that 23 U.S.C. § 143 (Economic Growth Center Development Highways) authorizes the inclusion of the proposed road in the Primary System regardless of whether the road meets the requirements of 23 U.S.C. § 103 (Federal Aid System).[1] This contention is not borne out by the statute or the administrative interpretations. 23 U.S.C. § 143 uses the phrase "on the federal-aid primary system" three times. This requirement was not included in the original House versions of the bill which were not passed. It is significant that the Conference versions which were ultimately passed did contain this conditional language.

Instruction Memorandum 50–6–71 states in Part 4(b)(2):

"The language of the Act specifically provides that economic growth center development highway funds *must be spent on Federal-aid primary highways.* . . . Such projected highways may not previously have been included on the FAP system, *but* may have been added *prior* to initiation of a request for economic growth center development highway funds. (Emphasis added)

The above interpretation indicates that designation as a primary highway is a prerequisite to expenditure of economic growth center funds.

■ Part 4(d) of the Instructional Memorandum characterizes Economic De-

velopment Growth Center funds as a "sweetener" to the regularly apportioned Federal-aid primary funds. The Growth Center funds constitute a 20% supplement to the Federal-aid primary funds. There are no provisions for expenditure of Growth Center Development funds independently of regularly apportioned Federal-aid primary projects.

The interpretation rendered by the Montana Highway Commission unequivocally states that Federal-aid primary designation is a prerequisite to Economic Growth Center designation.

"Approval of the Federal-Aid Primary designation for this route—*a necessary prerequisite to* approval of this application—has not as yet been received from the Federal Highway Administration, but is expected in the near future." (Emphasis added). "Lone Mountain Access Road" prepared by Montana Highway Commission.

Since the court has found a necessary prerequisite for Economic Growth Center designation lacking (i. e. primary designation), the court need not determine whether in fact the Big Sky Development area constitutes an 'economic growth center'. A reading of the Instructional Memorandum 50–6–71, however, indicates that the U. S. Department of Transportation, when speaking of growth centers, was contemplating an *existing* community with some identifiable boundaries.

"The center *must* consist of units such as incorporated cities, minor civil divisions, and/or other areal units preferably for which statistics are compiled and published or for which data can be readily developed." *See Attachment C, Definition of terms.*

The court seriously doubts that the West Fork Drainage of the West Gallatin River meets the criteria established by the Federal Highway Administration for an Economic Growth Center.

---

1. On April 27, 1971, the Montana Highway Commission decided that the Big Sky Spur should be added to the Primary System.

The road was designated as an Economic Growth Center development project on November 2, 1971.